IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, #1519297, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1869-P |
| | ) | |
| JUDGE MEYERS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Defendants are Dallas County District Judges Myers and Ovard, the Dallas County District Attorney's Office, and the State of Texas. The court did not issue process in this case, pending preliminary screening.

Statement of Case: The amended complaint alleges claims stemming from Plaintiff's belated indictment in 2005 for a 1996 aggravated sexual assault of a child. *See State v. Blaney*, No. F05-00065 (203rd District Court, Dallas County, Texas). Although Plaintiff waived extradition shortly after his indictment, he alleges that Texas twice deactivated his warrant for

more than one year, and ultimately prosecuted him on a "null and void" indictment. On July 18, 2008, a Dallas County jury convicted him of aggravated sexual assault offense and assessed punishment at life imprisonment. A direct criminal appeal is presently pending before the Fifth District Court of Appeals at Dallas. *See Blaney v. State*, No. 05-08-01049-CR (Tex. App. –Dallas) (pending).[1] In his amended complaint, Plaintiff requests $500,000,000 in monetary damages, release from confinement, criminal prosecution of the Defendants, and quash/seal of his criminal record.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His amended complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*" Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955, 1968-

---

[1] The docket sheet is available at the following internet address: http://www.courtstuff.com/FILES/05/08/05081049.HTM

69 (2007).

The court liberally construes Plaintiff's amended complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the amended complaint lacks an arguable basis in law and should be dismissed as frivolous.

Plaintiff's request for monetary relief lacks an arguable basis in law and should be dismissed as frivolous. Plaintiff's own allegations confirm that all actions taken by Judges Myers and Ovard with respect to his prosecution in No. F05-00065 – i.e., signing extradition warrants and making pre-trial and trial rulings -- were done in their capacities and functions as judges. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994)); *see also Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir.1996); *Krueger v. Reimer,* 66 F.3d 75, 76-77 (5th Cir.1995) (per curiam). As a result, Judges Myers and Ovard are absolutely immune from any claims for monetary damages. *See Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 1106 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *see also Brandley v. Keeshan,* 64 F.3d 196, 200-201 (5th Cir. 1995).

Next Plaintiff seeks to sue the Dallas County District Attorney's Office for its involvement in his prosecution in F05-00065. It is settled that a plaintiff may not bring a civil rights claim against a servient political agency or department, such as the Dallas County District Attorney's Office, unless such agency or department enjoys a separate and distinct legal

existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

Even if Plaintiff were to identify a specific prosecutor as a defendant, that individual would be entitled to prosecutorial immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

Any claim against the State of Texas fares no better. Eleventh amendment immunity bars suit against a state or state entity, regardless of wether money damages or injunctive relief is sought, and § 1983 does not override the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71, 109 S. Ct. 2304, 2311-12 (1989) (States are not persons subject to suit under § 1983, because of the Eleventh Amendment); *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003).

Insofar as Plaintiff seeks to sue witnesses and the victim who testified at his trial, absolute immunity would shield them for any allegedly illegal, malicious or vindictive testimony that they provided during Plaintiff's trial. *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115 (1983) (citing common law rule). Absolute immunity was extended to private parties such as witnesses based on the function they served and the rationale underlying the grant of

immunity. *Id.*; *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, 96 S. Ct. 984, 991 n. 20 (1976); *see also Butz v. Economou*, 438 U.S. 478, 509- 510, 98 S. Ct. 2894, 2912 (1978).[2]

In addition to monetary damages, Plaintiff requests to be released from confinement. Such a request is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

To maintain a habeas corpus action a plaintiff/petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b). Plaintiff's direct criminal appeal is presently pending. As a result, he has yet to exhaust his state court remedies by "fairly presenting" all of his habeas claims to the Texas Court of Criminal Appeals for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). Plaintiff's request for release from confinement -- construed as a claim for habeas corpus relief -- should be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).[3]

To the extent Blaney requests to have the Defendants criminally prosecuted (*see*

---

[2] Alternatively, Plaintiff's claims for monetary damages are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

[3] Plaintiff should be well aware of the exhaustion requirement since his recent habeas actions, challenging his indictment and conviction in No. F05-00065, have been dismissed without prejudice for failure to exhaust state court remedies. *See Blaney v. 203rd Judicial District Court*, 3:08cv637-G (N.D. Tex., Jul. 17, 2008); *Blaney v. State of Texas*, 3:08cv1382-L (N.D. Tex. Oct. 30, 2008) (same).

amended complaint at 4), this claim lacks an arguable basis in law.  A private individual has no right to have criminal charges brought against a third person.  *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990).

Likewise, his request to have No. 05-00065 "quashed from the record" or to have it "sealed" (*see* amended complaint at 4) is not cognizable in this civil rights action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's amended complaint be DISMISSED with prejudice as frivolous and for seeking monetary relief against defendants who are immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and § 1915A(b).  Alternatively, it is recommended that Plaintiff's request for monetary damages be DISMISSED with prejudice as frivolous to it being asserted again until the *Heck* conditions are met.  *Id.*

It is further recommended that Plaintiff's request for release from confinement -- construed as a claim for habeas corpus relief -- be DISMISSED without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies.  *See* 28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 15th day of January, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.